UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ANTHONY ORTUETA,
and other similarly situated individuals,

    Plaintiff (s),

v.

TRUE GRADE, LLC, and
ANTONIO MALAVE, individually,

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ANTHONY ORTUETA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants TRUE GRADE, LLC, and ANTONIO MALAVE, individually, and alleges:

JURISDICTION AND VENUES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. The Plaintiff also brings an action under Florida State law, pursuant to the Florida Private Sector Whistleblower's Act, Section 448.10.

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

4. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

## PARTIES

6. The Plaintiff ANTHONY ORTUETA is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff was a covered employee for purposes of the Act.

7. Defendant TRUE GRADE, LLC, (hereinafter TRUE GRADE, LLC, or Defendant) is a Florida corporation, having its main place of business in Miami-Dade County, Florida. At all times, the Defendant was and is engaged in interstate commerce within the meaning of the FLSA.

8. The individual Defendant ANTONIO MALAVE was and is now, the owner/officer and manager of Defendant Corporation TRUE GRADE, LLC. Defendant ANTONIO MALAVE is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

9. All the actions raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

10. Defendant TRUE GRADE, LLC is a food and beverage wholesaler distributor. Defendant TRUE GRADE, LLC, specializes in the seafood market and sells its products to wholesalers, retailers, schools, and cruise lines. Defendant's corporate offices are located at 7200 Corporate Center Drive, Suite 100, Miami, Florida 33126.

11. Defendants TRUE GRADE, LLC, and ANTONIO MALAVE employed the Plaintiff ANTHONY ORTUETA, from approximately from January 2017, to July 06, 2020, or 181 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 142 weeks. (Plaintiff did not work for approximately 3 months, or 12 weeks during August, September, and October 2019).

12. Plaintiff was hired as a non-exempted, full-time, warehouse employee. Plaintiff performed the same duties as many others similarly situated employees, which consisted on general cold storage/warehouse work, such as receiving cargo, counting pieces, icing fish, organizing merchandise in the racks, pulling orders, palletizing, shrink wrapping, moving cargo around the warehouse, cleaning, disposing of garbage, etc. Plaintiff never performed activities affecting the safety of operation of motor vehicles. Plaintiff never exercised any discretion or judgment in any planning, building, placing, distribution, or balancing any pallet, container, or loose cargo. Plaintiff never performed activities affecting the safety of operation of motor vehicles. At the moment of his termination, Plaintiff was a lead receiver.

13. During his relevant time of employment, Plaintiff had a regular schedule, he worked 6 days per week from Monday to Saturday, from approximately 9:00 AM to 11:00 PM. (14 hours each day). Plaintiff completed a minimum of 84 working hours every week.

14. Within his relevant time of employment, the Plaintiff was compensated with a salary, and with an hourly wage rate. Plaintiff was paid as follows:

15. 1.- <u>From July 21, 2017, to July 31, 2019, or 106 weeks</u>

    Plaintiff worked approximately 84 hours weekly, he was paid a salary of $700.00 weekly, or $8.34 an hour. Plaintiff was not paid for overtime hours. Plaintiff should have been paid half-time overtime for every hour that he worked over 40 in a week. In this period, the Plaintiff did not clock in and out, and he was not provided with paystubs.

16. 2.- <u>From November 01, 2019, to December 21, 2019, or 7 weeks</u> (Plaintiff did not work August, September, and October 2019).

    Plaintiff worked approximately 84 hours weekly, he was paid a salary of $850.00 weekly, or $10.12 an hour. Plaintiff was not paid for overtime hours. Plaintiff should have been paid half-time overtime for every hour that he worked over 40 in a week. In this period, the Plaintiff did not clock in and out, and he was not provided with paystubs.

17. 3.- <u>From December 22, 2019, to July 06, 2020, or 29 weeks</u>

    In this period, the Plaintiff became an hourly paid employee, his wage-rate was $17.00 an hour. The Plaintiff worked more than 40 hours weekly, Plaintiff clocked in and out and he was paid for overtime hours. Plaintiff was not able to take bonafide lunch periods. However, Defendants improperly deducted from Plaintiff's wages 1 hour daily as a lunch break or 6 hours in a week. These 6 hours improperly deducted, constitute 6 unpaid overtime hours.

18. At all times during his employment, the Defendants were able to track the number of hours worked by Plaintiff and other similarly situated individuals. Even though Plaintiff worked

more than 40 hours, he was not paid for overtime hours during a substantial number of weeks.

19. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked more than forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

20. At least during the time in which the Plaintiff was a salaried employee, the Plaintiff was paid without paystubs or any other record showing basic information about the real number of days and hours worked, wage rate paid and employment taxes withheld.

21. On or about June 25, 2020, while working at the warehouse, the owner of the business ANTONIO MALAVE approached Plaintiff and ordered him to change the expiration dates on a lot of frozen swai fish fillets sold to a cruise line. Plaintiff refused to participate in the illegal activity and did not follow the orders of his superior.

22. As a result, on or about July 06, 2020, Manager Jimmy Hidalgo stated that owner ANTONIO MALAVE said to fire Plaintiff because the business was slow, which was not true.

23. The retaliatory actions described above were conducted by Defendants because Plaintiff objected to and refused to participate in unlawful activities.

24. The above-described actions of Defendants constitute a violation of the Florida Private Whistleblower's Act, Section 448.102(3).

25. The Plaintiff is not in possession of time and payment records, but he will offer a preliminary good faith estimate of his unpaid overtime hours based on his best recollections. The Plaintiff will adjust his statement of claim after proper discovery.

26. Plaintiff ANTHONY ORTUETA seeks to recover unpaid overtime hours, liquidated damages, retaliatory damages under the Florida Private Whistleblower's Act, Section 448.102(3), and any other relief, as allowable by law.

27. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular wages, or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

28. Plaintiff ANTHONY ORTUETA re-adopts every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

29. This cause of action is brought by Plaintiff ANTHONY ORTUETA as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July 2017, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

30. At all times pertinent to this Complaint, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). the

Employer/Defendant operates as a cold storage/warehouse/distribution company that sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant employs more than two employees affecting interstate commerce. The Employer/Defendant uses the instrumentalities of interstate commerce and otherwise regularly engages in interstate commerce, particularly concerning its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was always, more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

31. The Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff was a warehouse worker who was directly engaged in interstate commerce by handling and shipping merchandise out of state locations. Thus, Plaintiff was a covered employee for the Act. Therefore, there is FLSA individual coverage.

32. Defendants TRUE GRADE, LLC, and ANTONIO MALAVE employed the Plaintiff ANTHONY ORTUETA, from approximately from January 2017, to July 06, 2020, or 181 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 142 weeks. (Plaintiff did not work for approximately 3 months, or 12 weeks during August, September, and October 2019).

33. Plaintiff was hired as a non-exempted, full-time, warehouse employee.

34. During his relevant time of employment, Plaintiff had a regular schedule, he worked 6 days per week a minimum of 84 hours.

35. Within his relevant time of employment, the Plaintiff was compensated with a salary, and with an hourly wage rate. Plaintiff was paid as follows:

36. 1.- From July 21, 2017, to July 31, 2019, or 106 weeks

Plaintiff worked approximately 84 hours weekly, he was paid a salary of $700.00 weekly, or $8.34 an hour. Plaintiff was not paid for overtime hours. Plaintiff should have been paid half-time overtime for every hour that he worked over 40 in a week. In this period, the Plaintiff did not clock in and out, and he was not provided with paystubs.

37. 2.- <u>From November 01, 2019, to December 21, 2019, or 7 weeks</u> (Plaintiff did not work August, September, and October 2019).

Plaintiff worked approximately 84 hours weekly, he was paid a salary of $850.00 weekly, or $10.12 an hour. Plaintiff was not paid for overtime hours. Plaintiff should have been paid half-time overtime for every hour that he worked over 40 in a week. In this period, the Plaintiff did not clock in and out, and he was not provided with paystubs.

38. 3.- <u>From December 22, 2019, to July 06, 2020, or 29 weeks</u>

In this period, the Plaintiff became an hourly paid employee, his wage-rate was $17.00 an hour. The Plaintiff worked more than 40 hours weekly, Plaintiff clocked in and out and he was paid for overtime hours. Plaintiff was not able to take bonafide lunch periods. However, Defendants improperly deducted from Plaintiff's wages 1 hour daily as a lunch break or 6 hours in a week. These 6 hours improperly deducted, constitute 6 unpaid overtime hours.

39. At all times during his employment with Defendants, they were able to track the number of hours worked by Plaintiff and other similarly situated individuals. Even though Plaintiff worked more than 40 hours, he was not paid for overtime hours during a substantial number of weeks.

40. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked more than forty (40), in violation

of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

41. At least during the time in which the Plaintiff was a salaried employee, the Plaintiff was paid without paystubs or any other record showing basic information about the real number of days and hours worked, wage rate paid and employment taxes withheld.

42. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by the Plaintiff and other employees.

43. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

45. The Plaintiff is not in possession of time and payment records, but he will offer a preliminary good faith estimate of his unpaid overtime hours based on his best recollections. The Plaintiff will adjust his statement of claim after proper discovery.

\*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
\*\*Florida minimum wage is higher than federal minimum wage, as per FLSA regulations the higher minimum wage rate applies.

   a. Total amount of alleged unpaid O/T wages:

   Twenty-Five Thousand Seven Hundred Twenty-Four Dollars and 20/100 ($25,724.20)

   b. Calculation of such wages:

Total time of Employment:  181 weeks
Relevant weeks of employment:  142 weeks
Total number of hours worked: 84 hours weekly average
Total overtime hours: 44 weekly average

**1.- Overtime from July 21, 2017, to July 31, 2019, or 106 weeks**

Relevant weeks of employment:  142 weeks
Total number of hours worked: 84 hours weekly average
Total overtime hours: 44 weekly average
Salary: $700.00 weekly:84 hours= $8.58 regular rate
Regular wage rate: $8.34
Fl Min. wage: $8.46 an hour x 1.5=$12.69 O/T rate-$8.46 rate paid=$4.23
Half-time rate: $4.23 difference

O/T half-time difference $4.23 x 44 O/T hours=$186.12 weekly
$186.12 x 106 weeks=$19,728.72

**2.- Overtime from November 01, 2019, to December 21, 2019, or 7 weeks**

Relevant weeks of employment:  7 weeks
Total number of hours worked: 84 hours weekly average
Total overtime hours: 44 weekly average
Salary: $850.00 weekly: 84 hours= $10.12 regular rate
Regular wage rate: $10.12 an hour x 1.5=$15.18 O/T rate
O/T rate $15.18-$10.12 rate paid = $5.06 an hour half-time difference
Half-time rate: $5.06 difference

O/T half-time difference $5.06 x 44 O/T hours=$222.64 weekly
$222.64 weekly x 7 weeks=$1,558.48

**3.- Overtime from December 22, 2019, to July 06, 2020, or 29 weeks**

Relevant weeks of employment:  29 weeks
Total number of hours worked: 84 hours weekly average
Total unpaid overtime hours: 6 hours weekly (6 lunch hours)
Wage rate: $17.00 an hour x 1.5=$25.50 O/T rate
O/T rate: $25.50

O/T rate $25.50 x 6 O/T hours=$153.00 weekly x 29 weeks= $4,437.00

Total #1, #2, and #3: $25,724.20

    c.   <u>Nature of wages (e.g. overtime or straight time):</u>

        This amount represents unpaid overtime wages.

46. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act, but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

47. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

48. At the times mentioned, individual Defendant ANTONIO MALAVE was the owner/partner/manager of TRUE GRADE, LLC. Defendant ANTONIO MALAVE was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of TRUE GRADE, LLC concerning its employees, including Plaintiff and others similarly situated. Defendant ANTONIO MALAVE had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

49. Defendants TRUE GRADE, LLC, and ANTONIO MALAVE willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as

required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

50. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ANTHONY ORTUETA and other similarly situated individuals and against the Defendants TRUE GRADE, LLC, and ANTONIO MALAVE TRUE GRADE, LLC, on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ANTHONY ORTUETA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interests; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ANTHONY ORTUETA demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:

## VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLEBLOWER'S ACT, SECTION 448.102 (3) AGAINST ALL DEFENDANTS

51. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

52. The Defendant TRUE GRADE, LLC is a food and beverage wholesaler distributor. Defendant TRUE GRADE, LLC, specializes in the seafood market and sells its products to wholesalers, retailers, schools, and cruise lines. Defendant's corporate offices are located at 7200 Corporate Center Drive, Suite 100, Miami, Florida 33126.

53. Defendant TRUE GRADE, LLC, employs ten or more persons, and it is the employer of Plaintiff within the meaning of Section 3 (d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], and the FWA section 448.101 (3).

54. The individual Defendant ANTONIO MALAVE was and is now, the owner/officer and manager of Defendant Corporation TRUE GRADE, LLC. Defendant ANTONIO MALAVE was an "employer" of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], and the FWA section 448.101 (3), and he is jointly liable for Plaintiff's damages.

55. Defendants TRUE GRADE, LLC, and ANTONIO MALAVE employed the Plaintiff ANTHONY ORTUETA, from approximately from January 2017, to July 06, 2020, or 181 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 142 weeks.

56. Plaintiff was hired as a non-exempted, full-time, warehouse employee. Plaintiff performed the same duties as many other similarly situated employees, which consisted of general cold storage/warehouse work, such as receiving cargo, counting pieces, icing fish, organizing merchandise in the racks, pulling orders, palletizing, shrink wrapping, moving

cargo around the warehouse, etc. At the moment of his termination, Plaintiff was a lead receiver.

57. On or about June 25, 2020, while working at the Defendants' warehouse, the owner of the business ANTONIO MALAVE approached Plaintiff and ordered him to change the production and expiration dates labeling on a lot of frozen swai fish fillets sold to Royal Caribbean Cruises, LTD. ("RCCL"). Plaintiff refused to participate in the illegal activity and did not follow the orders of his superior.

58. Plaintiff ANTHONY ORTUETA objected to the illegal employment practices of Defendants concerning "Food Tampering".

59. As a result, on or about July 06, 2020, Manager Jimmy Hidalgo stated that owner ANTONIO MALAVE said to fire Plaintiff because the business was slow, which was not true.

60. The retaliatory actions described above were conducted by Defendants because Plaintiff objected to and refused to participate in unlawful activities.

61. The above-described actions of Defendants constitute a violation of the Florida Private Whistleblower's Act, Section 448.102(3).

62. Plaintiff ANTHONY ORTUETA was subjected to adverse employment actions such as his termination from his employment with Defendants as a direct result of, and in retaliation for his opposition, and his reporting refusal to participate in fraudulent practices in violation of the Florida Anti-Tampering Act, Fl Statute § 501.001, and other laws, rules and regulations.

63. The retaliatory actions described above were conducted by Defendants because Plaintiff objected to and refused to participate in unlawful activities.

64. The above-described actions of Defendants constitute a violation of the Florida Private Whistleblower's Act, Section 448.102(3).

65. At all times material hereto, the Employers/Defendants failed to comply with Florida's private sector Whistleblower's Act, Florida Statute Section 448.102 (1), which provides, in relevant part: "An employer may not take any retaliatory personnel action against an employee because the employee has: …(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

66. The discharge of Plaintiff by Defendants was based on Plaintiff's refusal, complaining, and objecting to illegal activities.

67. At all relevant times, including the time of termination of the Plaintiff, Defendants were aware of Plaintiff's rights as an employee.

68. At the time of termination from employment, the Plaintiff did perform and excel at the performance of the essential functions of his position.

69. The Plaintiff was qualified for the position.

70. The Defendants' actions were malicious and were recklessly indifferent to the Plaintiff's rights under Florida's Private Sector Whistleblower's Act, Florida Statute section 448.102, protecting a person from retaliation for opposing illegal conduct.

71. The actions of Defendants were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

72. At the times mentioned, individual Defendant ANTONIO MALAVE was the owner/partner/manager of TRUE GRADE, LLC. Defendant ANTONIO MALAVE was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d)

of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of TRUE GRADE, LLC concerning its employees, including Plaintiff and others similarly situated. Defendant ANTONIO MALAVE had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

73. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANTHONY ORTUETA respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining TRUE GRADE, LLC, and ANTONIO MALAVE**,** officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the Florida Whistleblower's Act.

B. Reinstate Plaintiff ANTHONY ORTUETA to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff ANTHONY ORTUETA.

D. Order Defendants TRUE GRADE, LLC and ANTONIO MALAVE to make Plaintiffs whole, by compensating Plaintiff ANTHONY ORTUETA for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from being terminated due to his refusal to participate in illegal actions of Defendants.

E. For a money judgment representing prejudgment interest.

    F.  Award any other compensation allowed by law including punitive damages, attorney's fees (448.104), and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff ANTHONY ORTUETA and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated:  July 29, 2020

                                 Respectfully submitted,

                                 By:  **/s/ Zandro E. Palma**
                                 ZANDRO E. PALMA, P.A.
                                 Florida Bar No.: 0024031
                                 9100 S. Dadeland Blvd.
                                 Suite 1500
                                 Miami, FL 33156
                                 Telephone: (305) 446-1500
                                 Facsimile:  (305) 446-1502
                                 zep@thepalmalawgroup.com
                                 *Attorney for Plaintiff*